UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER ANGER,

        Plaintiff,

v.

GENERAL MOTORS, LLC.,

        Defendant.

_____/

Case No. 2:17-cv-10083
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

## **<u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DE 23)</u>**

This matter is before the Court for consideration of Plaintiff's motion to compel (DE 23), Defendant's response (DE 26), Plaintiff's reply (DE 27), and the parties' joint list of unresolved issues (DE 31). At issue in Plaintiff's motion is the scope of request nos. 28 and 29 in her first set of discovery requests. (DE 23-5 at 20-21.) Defendant objected to these discovery requests, asserting that they were overly broad, irrelevant, disproportionate to the needs of the case, and seeking personal and confidential information of non-parties. The parties, through counsel, came before me for a hearing on August 3, 2017. For the reasons stated on the record, all of which are incorporated by this reference as though fully restated herein, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

Specifically, on or before **August 24, 2017**, Defendant shall produce the following in response to Plaintiff's discovery requests 28 and 29, as stated on the record and summarized below.

1. **Request 28:**

    For all creative clay sculptors (both male and female) in pay grades/levels 6A, 6B, 7A, and 7B who were employed by Defendant from January 1, 2014 to present, Defendant is required to produce all of the data set out in subparts a-ee that are available on the HRIS system or any other computerized database used by Defendant. If some pieces of information are unavailable electronically, Defendant must certify in its response to Plaintiff that it has made its best efforts to obtain the information, including a brief description of how it has done so. For all the individuals on which data is produced, it must include records from their entire period of employment with Defendant. Defendant must provide Plaintiff with the first and last names of all individuals identified.

2. **Request 29:**

    For all creative clay sculptors (both male and female) in pay grades/levels 6A, 6B, 7A, and 7B who were employed by Defendant from January 1, 2014 to present, Defendant is required to produce, for every change in payroll status from the date of the hire to the present, all of the data set out in

subparts a-hh that are available on the HRIS system or any other database used by Defendant.  If some pieces of information are unavailable electronically, Defendant must certify in its response to Plaintiff that it has made its best efforts to obtain the information, including a brief description of how it has done so.  For all the individuals on which data is produced, it must include records from their entire period of employment with Defendant. Defendant must provide Plaintiff with the first and last names of all individuals identified.

Defendant's objections, therefore, are largely overruled.  To the extent Defendant is objecting on the basis that the information sought is overly broad, the objection is sustained in part and overruled in part, as the Court has concluded that limiting the timeframe to January 2014 and later, and limiting the pay grade/level to 6A, 6B, 7A, and 7B sufficiently narrows the scope of the request.  As to relevance, the Court finds the personnel information sought to be highly relevant to Plaintiff's case, which involves claims of equal pay and failure to promote.[1]  In addition, with the revisions as noted above, there is no concern that the discovery

---

[1] To the extent Plaintiff limits any portion of her discovery solely to her failure to promote claim—which is asserted as an individual and not as a class representative—the relevant pay grade/levels would appear to be 7A and 7B, the levels immediately above Plaintiff's pay grade/level at the time she filed her complaint.  (DE 13 at ¶ 34.)

3

requested is disproportionate to the needs of the case. Defendant's objection on the basis that the requests seek confidential material is overruled, as the parties have entered into a stipulated protective order, making such an objection moot. To the extent Defendant asserts that producing the information would be unduly burdensome, that objection is overruled as waived; moreover, Defendant has not made such a showing, supported by affidavit and with specific analysis of the factors spelled out in Fed. R. Civ. P. 33(b)(1), as required by my practice guidelines.

The Court also overrules Defendant's objection on the basis that Plaintiff has exceeded her number of interrogatories, for the reasons stated on the record. The discovery requests at issue, which the Court does construe as interrogatories, are counted as only two in number, irrespective of the alphabetical listings which appear immediately below them, the latter of which do not constitute "discrete subparts."

Finally, I decline to award fees or costs to either side. Pursuant to Federal Rule of Civil Procedure 37, if a motion to compel is granted in part and denied in part, the Court may apportion reasonable expenses for the motion. Here, both sides' positions were substantially justified and required rulings from the Court. In addition, neither party fully prevailed, and one of Defendant's objections was

sustained in part.  As such, an award of costs in this matter would neither be appropriate, nor just.

    **IT IS SO ORDERED.**

Dated: August 4, 2017        s/Anthony P. Patti
        Anthony P. Patti
        UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on August 4, 2017, electronically and/or by U.S. Mail.

        s/Michael Williams
        Case Manager for the
        Honorable Anthony P. Patti